NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 19-2828

———————————

RHONDA HILL WILSON ESQUIRE;
LAW OFFICE OF RHONDA HILL WILSON, P.C.,

Appellants

v.

JESSICA K. ALTMAN, Commissioner, in her individual and/or Official Capacities,
TED OTTO, Executive Director Medical Care Availability and Reduction Error Fund
(MCARE FUND); KATHRYN MCDERMOTT SPEAKES, ESQUIRE, SENIOR
LITIGATION COUNSEL; AMY G. DAUBERT, ESQUIRE, In Her Individual and/or
Official Capacities; JOHN J. LACEK, IV, ESQUIRE, Department Counsel in his
individual and/or Official Capacities

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01549)
District Judge: Hon. Joel H. Slomsky

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2020

Before: McKEE, AMBRO, and PHIPPS, Circuit Judges

(Opinion filed: March 26, 2020)

---

## OPINION[*]

---

AMBRO, <u>Circuit Judge</u>,

Appellants Rhonda Hill Wilson and the Law Office of Rhonda Hill Wilson, P.C. (collectively, "Wilson") represented individuals in a wrongful death and medical malpractice case in Pennsylvania state court that resulted in an award over $2.5 million in damages, including punitive damages of $875,000. Pennsylvania law requires that 25% of punitive damages awarded in all medical professional liability cases be allocated to the state MCare fund (the "Fund")—here $153,591.99. Wilson, tasked with properly distributing the awarded damages, inadvertently failed to allocate 25% of the punitive damages to the Fund and instead sent the entire amount of punitive damages to the client. The Fund filed a successful motion that allowed it to set-off the money owed to it from the attorney's fees it was scheduled to pay Wilson. She appealed this decision to the Pennsylvania Superior Court, which transferred the case to the Commonwealth Court of Pennsylvania, and that appeal remains pending.

Wilson then sued in federal court alleging civil rights and state law claims against five employees of the Commonwealth of Pennsylvania—Jessica K. Altman, Ted Otto, Kathryn McDermott Speakes, Amy G. Daubert, and John J. Lacek (collectively, the "Insurance Officials"), in their official and individual capacities.[1] Counts I–III alleged

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Each is an employee of the Commonwealth of Pennsylvania.

violations of Wilson's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the federal Constitution, Count IV alleged an equal protection violation under the Fourteenth Amendment, Count V brought a state law abuse-of-process claim, and Count VI requested punitive damages.

In a well-reasoned opinion, the District Court dismissed each of Wilson's claims. It held that Counts I–III were barred by the *Rooker-Feldman* doctrine;[2] Counts I–IV were barred by the Eleventh Amendment insofar as they were brought against the defendants in their official capacity, and otherwise by qualified immunity; and Count IV also failed to state a claim because Wilson did not plead that any defendant was personally involved in the alleged wrongs and did not plead any disparate treatment. The Court refused to exercise supplemental jurisdiction over the remaining state law claim, as it had dismissed all federal claims, and accordingly it dismissed the request for punitive damages as moot. Finally, the Court denied Wilson's request for leave to amend the Complaint because an amendment would be futile. Wilson appeals.[3]

1. **Counts I–III are not barred by *Rooker-Feldman* and may not be dismissed under 12(b)(1).**

---

[2] That doctrine—based on *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)—states that federal district courts lack jurisdiction over appeals from state-court judgments.

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We exercise appellate jurisdiction over the District Court's granting of the motion to dismiss under 28 U.S.C. §1291. Our standard of review for dismissal is *de novo*. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008); *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 n.8. (3d Cir. 2016).

The District Court held that Counts I–III were barred by the *Rooker-Feldman* doctrine because Wilson sought appellate review of the state court order permitting the Fund to set off Wilson's legal fees, and thus the District Court did not have subject matter jurisdiction. However, we have since decided *Malhan v. Secretary United States Department of State,* 938 F.3d 453 (3d Cir. 2019), which held that "*Rooker-Feldman* does not apply when state proceedings have neither ended nor led to orders reviewable by the United States Supreme Court." *Id.* at 460. Here, because Wilson's state law case remains pending on appeal with the Commonwealth Court of Pennsylvania and there has been no final state court judgment, the state proceedings have not ended. Thus, Counts I–III are not barred by *Rooker-Feldman* and can no longer be dismissed under Federal Rule of Civil Procedure 12(b)(1).

2. **Counts I–III were nonetheless rightly dismissed under 12(b)(6), as these claims are barred by qualified immunity.**

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal quotation marks omitted). To determine whether qualified immunity applies, we ask "(1) whether the plaintiff sufficiently alleged the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the official's conduct." *L.R. v. Sch. Dist. of Phila*, 836 F.3d 235, 241 (3d Cir. 2016) (citation omitted). For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate," *Ashcroft v. al-Kidd*, 563 U.S. 731,

4

741 (2011), and "the clearly established right must be defined with specificity." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019).

Each of Wilson's claims in Counts I–III stem from the same act—the Fund's setting off the amount owed to it from Wilson's attorney's fees because of a valid court order. For each count, Wilson has failed to demonstrate how the Insurance Officials, acting in accord with a valid state law and court order, violated any constitutional right, let alone one that was clearly established at the time. Hence the Insurance Officials are entitled to qualified immunity on Counts I–III. To the extent that Wilson brings Counts I–IV against the Insurance Officials in their official capacities, the District Court correctly held that the claims are barred by Eleventh Amendment immunity because each Insurance Official is an employee of the Commonwealth. *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990).

First, Wilson alleged that, by setting off the amount owed to the Fund from her attorney's fees, the Insurance Officials deprived her of property without substantive due process of law in violation of the Fourth and Fourteenth Amendments. In support, Wilson asserted that she had "the right to the monetary property that was taken by Insurance Officials," and "there is nothing new or unclear about the property right of an individual to have legitimately earned funds." Appellant's Br. 27. The Substantive Due Process Clause of the Fourteenth Amendment limits when the government can take property that falls under the ambit of the Clause. *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). However, "not all property interests . . . are protected by the concept of substantive due process," and whether a property interest is protected

5

"depends on whether that interest is 'fundamental' under the United States Constitution." *Id*. at 140–41.

Here, even if she could show the violation of a constitutional right, Wilson fails to demonstrate that it is clearly established that one has a property interest "'fundamental' under the United States Constitution" in an attorney's fee. *Id*. We have recognized a fundamental property interest only in cases involving real property ownership. *Id*. at 141. In fact, in *Reich v. Beharry*, where an attorney argued he had been deprived of his property in violation of the Fourteenth Amendment after having his payment for services withheld by a government official, we likened the withholding to the termination of utility services and held that the property interest in the withheld payment was not sufficient to invoke substantive due process protection. 883 F.2d 239, 239–41, 244–45 (3d Cir. 1989). Wilson thus failed to allege the violation of a clearly established constitutional right, and the claim is barred by qualified immunity.

Second, Wilson argued that the Insurance Officials' withholding was an unconstitutional taking in violation of the Fifth Amendment. Our Supreme Court instructs that "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain"—the taking of private property for public use. *Bennis v. Michigan*, 516 U.S. 442, 452 (1996). Here, the Insurance Officials acted under the exercise of their governmental authority per a valid state law and court order, not through eminent domain. Further, the Insurance Officials nowhere violated a clearly established right "a reasonable person would have known," as they acted only as

6

authorized by a valid court order. *Mullenix*, 136 S. Ct. at 308. Accordingly, qualified immunity bars this claim too.

Third, Wilson alleged a violation of the Eighth Amendment, arguing that the withholding of attorney's fees constituted an excessive fine. To invoke the Eighth Amendment's excessive-fines protection, a civil forfeiture or set-off must be "at least partially punitive." *Timbs v. Indiana*, 139 S. Ct. 682, 689 (2019). Here, the Insurance Officials withheld the funds owed to them via a valid court order. This was hardly punitive. Qualified immunity thus applies here as well.

**3. Count IV was correctly dismissed under Rule 12(b)(6) because Wilson failed to state a Fourteenth Amendment equal protection claim.**

Wilson alleged that the Insurance Officials accused her of being disingenuous and of "bad acts," ignored information she provided, and made disparaging remarks about her character for no reason other than race. App. 29. The District Court held that she failed to demonstrate purposeful discrimination and made no argument that she received treatment different from any similarly situated individual. Finding no "factual enhancement" supporting the "naked assertion[s]" alleged by Wilson, we likewise agree that she failed to state an equal protection claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

**4. The District Court properly declined to exercise supplemental jurisdiction over Wilson's state law claim and dismissed her claim for punitive damages.**

Wilson requests that we allow her state law abuse-of-process claim to go forward without the federal claims in Counts I–IV. In line with 28 U.S.C. § 1367(c)(3), the District Court declined to exercise jurisdiction over this claim after dismissing Wilson's

federal claims over which it had original federal-question jurisdiction. Where those federal claims have been dismissed prior to trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Wilson provided no compelling justification for allowing the abuse-of-process claim to go forward, and the Court correctly declined to exercise jurisdiction.[4]

**5. Granting Wilson Leave to Amend the Complaint would be futile.**

Wilson contends that, even if she loses on the claims noted so far, the District Court erred in denying her leave to amend the Complaint on the ground of futility.[5] "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). Amendment is futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, Wilson cannot offer any factual amendments that would cure the deficiencies in her complaint, where she has failed to allege the violation of any constitutional right and the Insurance Officials are shielded by qualified immunity.

\* \* \* \* \*

---

[4] Because we dismiss Count's I–IV and the District Court properly declined to exercise supplemental jurisdiction over Count V, Wilson's claim for punitive damages in connection to those Counts is likewise dismissed.

[5] We review a denial of a motion for leave to amend for abuse of discretion, and we review the question of futility *de novo*. *Fallon v. Mercy Catholic Med. Ctr. of Se. Pa*, 877 F.3d 487, 493 (3d Cir. 2017).

8

In this context, we affirm in full the District Court's opinion.